JL

WO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Michael D. Escobar,

Plaintiff,

v.

Irene Barron Irby, et al.,

Defendants.

No.     CV-23-01740-PHX-JAT (DMF)

**ORDER**

On July 27, 2023, Plaintiff Michael D. Escobar, who is confined in a Maricopa County Jail, filed a Complaint in the Superior Court of Maricopa County, Arizona, against Irene Barron Irby, Sergeant Navarro, Officer Raymer, and Officer Bernardino.  On August 22, 2023, Defendants Irby, Navarro, and Bernardino filed a Notice of Removal and removed the case to this Court.  On August 28, 2023, Defendants filed a Motion for Extension of Time to File Responsive Pleading/Motion to Dismiss.  In an October 23, 2023 Order, the Court determined removal was proper and dismissed the Complaint with leave to amend because it was not filed on a court-approved form.  The Court gave Plaintiff 30 days to file an amended complaint using the court-approved form.  The Court denied as moot Defendants' Motion for Extension of Time.

On November 2, 2023, Plaintiff filed his First Amended Complaint.  In a November 17, 2023 Order, the Court dismissed the First Amended Complaint with leave to amend because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

TERMPSREF

On December 4, 2023, Plaintiff filed a Second Amended Complaint.  In a March 5, 2024 Order, the Court dismissed the Second Amended Complaint with leave to amend because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file a third amended complaint that cured the deficiencies identified in the Order.

On March 21, 2024, Plaintiff filed a Third Amended Complaint (Doc. 10).  The Court will order Defendant Bernardino and Rayment to answer Count One of the Third Amended Complaint, order Defendant Navarro to answer Count Two, and will dismiss Count Three and Defendant Penzone without prejudice.

## I.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II. Third Amended Complaint

In his three-count Third Amended Complaint, Plaintiff sues former Maricopa County Sheriff Paul Penzone, Sergeant Navarro, and Officers Bernardino and Raymer. Plaintiff asserts excessive force and due process claims. He seeks monetary relief.

In Count One, Plaintiff alleges the following:

Plaintiff was booked into the Lower Buckeye Jail on February 14, 2023 and had a post-surgery injury to his left forearm. On February 16, 2023, Plaintiff was called out of his cell to wait to see medical staff for his injury. While he waited, Plaintiff explained to the nurse that he was in pain, he was assigned to a top bunk, and because of his broken left arm, he was having difficulty with his living situation. The nurse explained to Plaintiff that she had no control over Plaintiff's housing and that Plaintiff had to speak to detention officers.

After Plaintiff saw the nurse, he was told to wait. Plaintiff asked "the officer" about his housing situation, and the officer told Plaintiff that he "did not have anything from a doctor saying [Plaintiff] needed a specific housing placement," and he had to "stay at the bed [he] was in." Plaintiff explained to the officer that he was assigned to a top bunk and that he was having issues climbing up to the top bunk with his injury. The officer told Plaintiff that he was "heading home" and to ask another officer.

Defendants Navarro, Bernardino, and Raymer came on shift, and Plaintiff explained his concerns to them, but he received no assistance. Plaintiff "tried to ask them" if he could "at least get some hygiene items and toilet paper" before he returned to his cell. Plaintiff

was told he could not, which made him "upset and escalated [his] frustration." Defendant Bernardino told Plaintiff he had to go back to his cell, and Plaintiff refused, stating, "I will not go back until I receive[] some hygiene." This made Defendant Bernardino angry, and he approached Plaintiff "very aggressively" and stated, "You will go back, or we will carry you back like a baby." Plaintiff again refused to return to his cell. Defendants Navarro and Raymer came to assist Defendant Bernardino. Defendant Bernardino grabbed Plaintiff's right arm, and Defendant Raymer grabbed Plaintiff's injured left arm, and both forcefully picked up Plaintiff and dragged him toward the "23b slider." Defendant Navarro "got behind [them] and as soon as [they] got into the slider, [Plaintiff] resisted." Defendant Raymer put his leg in front of Plaintiff and "attempted to sweep" and "slam" him onto his face.

Plaintiff "assisted [him]self to the floor." Defendants Raymer and Bernardino placed Plaintiff's hands behind his back. Defendant Raymer repeatedly punched Plaintiff in the face while he was on top of Plaintiff, and Defendant Bernardino "hit [Plaintiff] in the ribs." Defendant Navarro "just watched." Plaintiff's nose began to bleed, and his eye swelled shut. Plaintiff told Defendants Raymer and Bernardino that he needed medical treatment, and they picked him up and escorted him to the medical unit.

At the medical unit, Plaintiff asked medical staff to take pictures of his injuries. Plaintiff was escorted back to his cell. Plaintiff submitted "internal grievances" regarding the incident and "took it all the way up to the fifth level." Defendant Raymer apparently was terminated from his position as a result of the incident.

In Count Two, Plaintiff alleges that Defendant Navarro was the Shift Commander on February 16, 2023, and was present when Plaintiff explained his "concerns" about his housing. Plaintiff asserts Defendant Navarro did not intervene or attempt to resolve the situation.

In Count Three, Plaintiff alleges that Defendant Navarro disregarded his duty to ensure Plaintiff's safety. Plaintiff asserts there are policies and procedures that officers and sergeants must follow to prevent "any injustices and violations of right[s]," but

Defendant Navarro "did nothing."  Plaintiff claims Defendant Penzone had a duty to ensure "there is policy set in place that [e]nsure officers and supervisors do not go unpunished" when they violate policy and procedures.  Plaintiff contends Defendant Penzone "was and is aware that officers ass[a]ulting inmates was and is a[n] issue" at Lower Buckeye Jail, but Penzone chose not to address, stop, or prevent these assaults.

## III.     Failure to State a Claim

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

A pretrial detainee has a right under the Due Process Clause of the Fourteenth Amendment to be free from punishment prior to an adjudication of guilt.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  "Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'"  *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)).  To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by

not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. *Id.*; *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). However, "a de minimis level of imposition" is insufficient. *Bell*, 441 U.S. at 539 n.21. In addition, the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Plaintiff has not alleged that Defendant Penzone personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Plaintiff alleges no facts to support that Defendant Penzone was aware of and disregarded a substantial risk of serious harm *to Plaintiff* before the February 16, 2023 incident. General awareness of issues with detention officers assaulting detainees is insufficient to state a claim against Defendant Penzone. Plaintiff's allegations indicate that Defendants Bernardino, Raymer, and Navarro violated policies and procedures with respect to use of force, not that Penzone failed to implement or enforce such policies and procedures. Thus, the Court will dismiss without prejudice Defendant Penzone.

**IV.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a Fourteenth Amendment excessive force claim against Defendants Bernardino and Raymer in Count One and a failure-to-act claim against Defendant Navarro in Count Two. The Court will order Defendants Bernardino, Raymer, and Navarro to answer the Third Amended Complaint.

. . . .

**V.      Warnings**

    **A.      Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **B.      Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **C.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

    (1)      Count Three is **dismissed** without prejudice.

    (2)      Defendant Penzone is **dismissed** without prejudice.

    (3)      If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

    (4)      Defendants Bernardino and Raymer must answer Count One.  Defendant Navarro must answer Count Two.

    (5)      The Clerk of Court must send Plaintiff a service packet including the Third

Amended Complaint (Doc. 10), this Order, and both summons and request for waiver forms for Defendants Bernardino, Raymer, and Navarro.

(6)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(8)     The United States Marshal must retain the Summons, a copy of the Third Amended Complaint, and a copy of this Order for future use.

(9)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.

(10)     A Defendant who agrees to waive service of the Summons and Third Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(11)     The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)     personally serve copies of the Summons, Third Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)    within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12)    Defendants Bernardino, Raymer, and Navarro must answer the Third Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(13)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(14)    This matter is referred to Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 17th day of April, 2024.

James A. Teilborg
Senior United States District Judge